**YEN PILCH & LANDEEN, P.C.**
Firm State Bar No. 00407400
Caroline A. Pilch, SBA No. 011041
pilch@ypllaw.com
Neil Landeen, SBA No. 024056
Landeen@ypllaw.com
Michael Pang, SBA No. 030037
pang@ypllaw.com
6017 N. 15th Street
Phoenix, Arizona 85014
(602) 241-0474
courtnotifcations@ypllaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitener,<br><br>Plaintiff,<br><br>v.<br><br>Icearizona Hockey Co., LLC.; JOHN DOES 1-10; JANE DOES 1-10; ABC Corporations 1-10; XYZ Entities I-10; 123 Partnerships, 1-10,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff alleges:

1.      This case arises out of Defendant Icearizona Hockey Co, LLC's

("Defendant" or "Arizona Coyotes") unlawful employment practices.  Specifically, the

Arizona Coyotes unlawfully classified employees, including Plaintiff, and failed to pay

overtime compensation in violation of the Fair Labor Standards Act ("FLSA") 29. U.S.C.

§ 201 *et. seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and this action is brought under 29 U.S.C. § 216(b).

3.      This Court has personal jurisdiction over Defendant because the Arizona Coyotes regularly transact business in and have significant and continuous contact with this District, and this case arises from employment in the State of Arizona.

4.      At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

5.      At all times material, during his employment with Defendant, Plaintiff was engaged in interstate commerce as defined by the FLSA.

6.      Venue is proper under 28 U.S.C. § 1391(b) as Defendant resides in or around and has its principal place of business in Maricopa County, Arizona.

## PARTIES

7.      Plaintiff, James Whitener, is a citizen and resident of Maricopa County, Arizona who was at all relevant times employed by the Defendant in sales as a "Premium Seating Manager" from his hire date of September 16, 2011 until his separation from employment on May 31, 2017.  Plaintiff voluntarily submits to the jurisdiction of this Court for this action.

8.      Defendant Icearizona Hockey Co, LLC operates under its trademarked name "Arizona Coyotes" and is a corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court.  Defendant's principal place of business is located in Glendale, Arizona.  Defendants John Does 1-10, Jane Does 1-10, ABC Corporations 1-10, XYZ Entities 1-10; and 123 Partnerships 1-10 are fictitious names, representing Defendants who have, or may have, liability for some or all of the events giving rise to this litigation.  The true names and identities of the fictitious Defendants are presently unknown but will be substituted later by amendment.

9.      Defendant is an "employer" within the meaning of 29. U.S.C. § 203(d).

## GENERAL ALLEGATIONS

10.      Defendant Arizona Coyotes is a professional hockey team in the National Hockey League (NHL), and Defendant employed Plaintiff in ticket sales, wherein Plaintiff worked in the "Premium Seating" sales department from his hire date of September 16, 2011 to May 31, 2017.

11.      During his employment with Defendant, pursuant to Defendant's policy and pattern of practice, Plaintiff regularly worked for Defendant's benefit for periods of time in excess of 40 hours in a workweek without compensation.  Defendant did not pay Plaintiff overtime compensation for hours worked for Defendant's benefit as required by the FLSA.

12.      Defendant has intentionally, willfully, and repeatedly engaged in a pattern,

practice and/or policy of violating the FLSA, including but not limited to:

    a) willfully failing to record all time that Plaintiff has worked for the benefit of Defendant;

    b) willfully failing to keep records as required by the FLSA

    c) willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA

    d) willfully failing to pay Plaintiff overtime wages for hours he worked in excess of 40 hours per week.

13. The primary duties of Plaintiff were to sell premium products to Defendant's customers, which include glass seats, suite level club seating, loge boxes and tables, and suites and suite packages. Plaintiff's performance success and compensation depended on selling a certain number of premium products to Defendant's customers.

14. As part of his job duties, Plaintiff regularly performed the following job duties: making sales and marketing calls and communications to both current and prospective customers, telephone and internet response to customer requests and issues, communicating with customers regarding Defendant's products, and attending Defendant's meetings and events to fulfill customer demands and expectations for the benefit of Defendant.

15. Plaintiff primarily performed his duties at the Defendant's place of business and was not regularly and customarily engaged away from Defendant's place of business.

16.     Plaintiff frequently arrived at his office, located at Defendant's principal place of business, at 6:30 a.m. and remained at Defendant's principal place of business until 6:30 p.m. During these hours, Plaintiff performed those duties as stated in paragraph 14 above. Additionally, Plaintiff often was required, as part of his job duties, to return to Defendant's place of business after hours and/or on weekends to attend to Defendant's customers during events being held at Defendant's place of business.

17.     Defendant had knowledge that Plaintiff routinely and customarily performed his job duties at Defendant's principal place of business, and, worked in excess of forty (40) hours per week.

18.     During his employment with Defendant, pursuant to Defendant's policy and pattern of practice, Plaintiff regularly worked for Defendant's benefit for periods of time in excess of 40 hours in a workweek without compensation.

19.     Defendant was or should have been aware that state and federal law required it to properly classify Plaintiff as non-exempt and to pay Plaintiff overtime wages for hours worked in excess of forty per week, Defendant's failure to pay overtime wages was willful and without justification.

## COUNT ONE
## VIOLATION OF THE FLSA

20.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

21.     Defendant has engaged in a widespread pattern and practice of violating the

FLSA, as set forth herein.

22.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

23.     Plaintiff was entitled to be paid one and one-half times his hourly rate for each hour worked in excess of forty hours per workweek and to have such overtime compensation calculated in accordance with Federal Regulations to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime compensation entitlement.

24.     In the course of employment with Defendant, Plaintiff worked the number of hours required of him, many times in excess of forty hours, but was not properly paid overtime compensation.

25.     The pay practices of Defendant, as described in the above paragraphs, violated the FLSA by willfully and intentionally misclassifying Plaintiff as exempt from overtime pay and willfully and intentionally failing to properly pay overtime to Plaintiff for those hours worked each workweek in excess of forty hours.

26.     Defendant's violations of the FLSA are willful and intentional. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

27.     Because of Defendant's willful and unlawful acts, a three year statute of

limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiff has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

28.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages he is owed as unpaid overtime,  prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, James Whitener, prays that judgment be entered against Defendant and that the Court award the following relief including but not limited to:

A.     An Order declaring that Defendant has violated the FLSA;

B.     Judgment for Plaintiff against Defendant for the wages and overtime payments due him for the hours worked by him for Defendant without proper compensation;

C.     Judgment for Plaintiff against Defendant for liquidated damages;

D.     An order awarding or otherwise providing Plaintiff all other such equitable and legal relief to which Plaintiff is entitled whether or not specified herein;

E.     An order awarding Plaintiff reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b) and/or common law;

F.     Any and all other relief the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

**DATED** this 16th day of June, 2017.

**YEN PILCH & LANDEEN, P.C.**

By:   <u>/s/ Neil Landeen</u>
Neil Landeen
Caroline A. Pilch
Michael Pang
6017 N. 15th Street
Phoenix, Arizona 85014
Attorneys for Plaintiff