Robert K. Jones (State Bar #016228)
Monica M. Ryden (State Bar #023986)
**JACKSON LEWIS P.C.**
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
Tel. (602) 714-7044
Fax (602) 714-7045
JonesR@jacksonlewis.com
Monica.Ryden@jacksonlewis.com

Attorneys for Defendant
IceArizona Hockey Co., LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES WHITENER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ICEARIZONA HOCKEY CO., LLC, JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ ENTITIES 1-10; 123 PARTNERSHIPS, 1-10,<br><br>            Defendants. | Case No. 2:17-cv-01881-SPL<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF THE LAWSUIT WITH PREJUDICE** |

Defendant IceArizona Hockey Co., LLC and Plaintiff James Whitener (the "Parties") jointly ask this Court to approve the Parties' settlement and dismiss this action with prejudice.

**MEMORANDUM OF LAW**

Plaintiff filed this action in June 2017, alleging that he was entitled to unpaid wages under the Fair Labor Standards Act ("FLSA"). Defendant denies any wrongdoing and disputes that it owes Plaintiff any compensation or associated penalties. Defendant also believes that discovery in this case would present evidence of offsets and potential counterclaims and has set Plaintiff an evidence preservation

1

demand on such claims. However, in an effort to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement that they believe fairly compensates the Plaintiff for his claims in light of all of the circumstances. They have agreed to resolve the disputed factual and legal issues on the terms set forth in the attached Agreement. *See* Exhibit 1.[1]

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (l1th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness."[2]

The Parties ask this Court to find that the settlement reached in this case is fair and should be approved. Specifically, the settlement resolves a "bona fide dispute between the parties with respect to coverage or amount due under the (FLSA)." *Id*. at 1353 n.8. While Plaintiff alleges unpaid overtime wages, among other defenses, Defendant contends that Plaintiff was exempt from overtime requirements of the FLSA.

Even if liability were established, the Parties anticipate significant disputes as to the amount of hours worked and Plaintiff's alleged damages. For instance, Defendant contends that because Plaintiff alleges he regularly worked more than 40 hours per week, his "regular rate" for overtime purposes was considerably lower than alleged. Moreover, Defendant believes that Plaintiff's alleged hours are significantly inflated by personal business(es) he engaged in while on Defendant's payroll.

---

[1] The financial terms have been redacted from Exhibit 1 due to the confidentiality terms of the Agreement. The parties will provide that information to the Court for *in camera* review upon request.

[2] The Ninth Circuit has implicitly indicated that it would follow the Eleventh Circuit's decision in *Lynn's Food Stores*, which required judicial approval of or DOL involvement with a settlement agreement for the agreement to be enforceable. *Dent v. Cox Communications Las Vegas, Inc*., 502 F.3d 1141, 1144 (9th Cir. 2007).

As a further indication of the fairness of the settlement, Plaintiff is represented by experienced counsel, who, in the "adversarial context of a lawsuit," negotiated for Plaintiff "a reasonable compromise of disputed issues." *Id*. at 1354. Other indicia of fairness are also present, including that the Parties investigated the issues; that the settlement will conserve substantial time and expense by eliminating the need for costly discovery and a trial on the merits; and that, by settling, Plaintiff has avoided a significant delay in receiving any possible recovery.

As the court recognized in *Lynn's Foods*, settlements in the context of litigation where there are bona fide issues in dispute, and where employees are represented by "an attorney who can protect their rights under the statute," are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." 679 F.2d 27 at 1354. These precise circumstances exist here. Accordingly, the Parties respectfully ask the Court to approve the terms set forth in the Agreement and enter the Parties' proposed Judgment, thereby dismissing Plaintiff' claims in the lawsuit with prejudice.

**Conclusion**

For the reasons set forth above, the Parties request that the Court enter the concurrently filed stipulated order, which approves the Parties' settlement, and dismisses the lawsuit with prejudice.

RESPECTFULLY SUBMITTED this 8th day of September 2017.

JACKSON LEWIS P.C.

By: /s/ Monica M. Ryden
    Robert K. Jones
    Monica M. Ryden
    Attorneys for Defendant

Yen Pilch & Landeen, P.C.

By: /s/ Caroline A Pilch (with permission)
    Caroline A. Pilch
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Caroline A. Pilch
Neil Landeen
Michael Pang
Yen Pilch & Landeen, P.C.
6017 N. 15th Street
Phoenix, Arizona 85014
Attorneys for Plaintiff


/s/ Amalia Tafoya


4818-5704-4301, v. 1

4