# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (hereinafter this "Agreement") is entered into by and between **James Whitener** (hereinafter "Whitener"), on the one hand, and **IceArizona Hockey Co., LLC** and all of its predecessors, successors, affiliates and related entities (collectively, "IceArizona"), on the other hand.

**WHEREAS**, Whitener was previously employed by IceArizona as a Premium Seating Manager in Arizona beginning on or about September 15, 2011 until his separation from employment on or about June 1, 2017;

**WHEREAS**, Whitener filed a lawsuit against IceArizona in the United States District Court, District of Arizona (Case No. 2:17-cv-01881-ESW) alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., which IceArizona has denied (hereinafter collectively referred to as the "Dispute" or the "Lawsuit"); and

**WHEREAS**, Whitener, on the one hand, and IceArizona, on the other hand, desire to settle, compromise, and resolve the Dispute and any and all potential differences between them without the burden, expense, and delay of further litigation, and without admission of any fault or liability by Whitener or IceArizona;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Whitener and IceArizona voluntarily and knowingly agree as follows:

1. **Definitions.** For the purposes of this entire Agreement, the term "IceArizona" includes to the extent applicable, as direct, intended, and third party beneficiaries hereof, its past, present, and future officers, employees, representatives, trustees, administrators, fiduciaries, attorneys, insurers, agents, subsidiaries, parent corporations, affiliated entities, board members, predecessors, successors, heirs, and assigns, jointly and severally, in both their personal and official capacities (collectively "Released Parties"). For the purposes of this entire Agreement, the term "Whitener" shall refer to James Whitener and any community or other marital interests of his.

2. **Consideration.** [Redacted]



Redacted

Redacted

Redacted

3. **Release.** Whitener hereby irrevocably and unconditionally release and discharge IceArizona and the other Released Parties from, and hereby waive, any and all claims, demands, liens, agreements, covenants, actions, suits at law or equity, obligations, debts, damages, judgments, liabilities, attorneys' fees, costs, and expenses of whatever kind, known or unknown, suspected or unsuspected, which he had or has based on any matter or thing occurring prior to the date he signs this Agreement, including but not limited to claims which were or could have been asserted in the Lawsuit or claims that arise from or relate to his employment or the termination of his employment except as the claims relate to the NLRB Charge defined below. The released claims include, but are not limited to, any claims arising

under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Civil Rights Act of 1991, the Equal Pay Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Arizona Civil Rights Act, the Arizona Employment Protection Act, any Arizona wage payment statute (including A.R.S. 23-350 *et. seq.*), all claims for breach of contract, wrongful discharge or layoff, constructive discharge, retaliatory discharge, payment or non-payment of any wages or expenses, impairment of economic opportunity, intentional or negligent infliction of emotional harm, distress, or any other tort, including but not limited to defamation, invasion of privacy, intentional interference with contract or prospective advantage, violation of any constitutional right, sex discrimination, race discrimination, disability discrimination, age discrimination, or any other form of employment discrimination or retaliation, and any and all claims arising from any alleged violations by or on behalf of the IceArizona under every applicable federal, state, or local law, rule, regulation, ordinance, public policy or common law except as such claims arise in or relate to the NLRB Charge as defined below.

Whitener understands and acknowledges that this release forever bars him from suing or otherwise asserting or recovering from a claim against IceArizona or the other Released Parties on the basis of any event occurring up to the time he signs this Agreement except as to a claim arising or relating to the NLRB Charge as defined below, whether the facts are now known or unknown, and whether the legal theory upon which such claim might be based is now known or unknown.

This general release of all claims does not apply to the charge being investigated by the National Labor Relations Board ("NLRB") case 28-CA-201602 (the "NLRB Charge"), including any subsequent amended complaint by the NLRB.

IceArizona Hockey Co., LLC hereby irrevocably and unconditionally releases, waives, and discharges Whitener from any and all claims, demands, liens, agreements, covenants, actions, suits at law or equity, obligations, debts, damages, judgments, liabilities, attorneys' fees, costs, and expenses of whatever kind, known or unknonwn, suspected or unsuspected, existing as of the date of execution of this Agreement that arose during or arising out of the course of his employment with IceArizona, including any claims related to the misappropriation or use of IceArizona's business information obtained during the course of his employment.

IceArizona Hockey, Co., LLC understands and acknowledges that this release forever bars it from suing or otherwise asserting or recovering from a claim against Whitener on the basis of any event occurring up to the time this Agreement is signed, whether the facts are now known or unknown, and whether the legal theory upon which such claim might be based is now known or unknown.

4.   **Acknowledgement of Prior Full Payment.**  Whitener acknowledges and affirms that he reported all hours worked during his employment with IceArizona and has been paid and have received all compensation, wages, bonuses, commissions,

leave hours, and/or benefits to which he was entitled, at appropriate minimum or overtime rates, as a result of his employment with IceArizona, and that the consideration promised under this Agreement provides full payment and satisfaction of all claims alleged in the Lawsuit or which could have been alleged in the Lawsuit.

5. **Provision for Unknown Claims.** Whitener warrants that, other than the Lawsuit and the NLRB Charge, he does not have any claim or charge pending against IceArizona or any of the other Released Parties with any court, tribunal, administrative agency, governmental agency, or other such body.

6. **Waiver of Right to Recovery and No Inducement.** Whitener waives any right to monetary recovery should any administrative agency pursue any released claim on his behalf EXCEPT as to any monetary recovery that may result in or from the NLRB Charge or on behalf of any class in which he is a member. To the extent permitted by law, and unless required by law, Whitener agrees that he will not induce, aid, or abet anyone in instituting or prosecuting any pending or future claim against IceArizona or any other Released Party in any court, arbitral tribunal, or administrative agency; provided, however, that nothing in this Agreement shall inhibit Whitener's participation by truthful testimony before any such tribunal.

7. **Dismissal of Lawsuit and Motion for Court Approval**. Whitener agrees that, upon request by IceArizona's counsel, and as a condition precedent for receipt of the consideration outlined in Section 2, he authorizes and shall cause his attorney (a) to stipulate or consent to a joint motion for court approval of the settlement of the Lawsuit documented in this Agreement (in substantially the form attached hereto as Exhibit A), and/or (b) to stipulate to the dismissal of all of his claims in the Lawsuit with prejudice, with the parties to beartheir own attorneys' fees and costs, if not otherwise dismissed by the Court. IceArizona's performance of any obligation under this Agreement is contingent upon the Court's granting orders on the stipulation or stipulations described in this Section.

8. **Consultation with Legal Counsel.** Whitener acknowledges that this Agreement constitutes written notice from IceArizona that it advises him to seek legal counsel before signing this Agreement, and Whitener acknowledges that he is represented by competent counsel for this purpose.

9. **Effective Date of Agreement.** This Agreement will be effective and irrevocable after upon execution by both parties; provided, however, that IceArizona's obligations under Section 2 shall not be due until the Court has approved the stipulation(s) described in Section 7.

10. **Confidentiality.** Whitener agrees that he will not, except as required by law, disclose the terms of this Agreement, or the negotiations leading up to this Agreement, except that Whitener may disclose the terms of this Agreement and the negotiations leading up to this Agreement to his spouse, attorneys or tax or financial advisors or as may be required in the NLRB Charge (provided they are informed of

4

and agree to abide by the confidentiality restriction). The parties acknowledge that a breach of this confidentiality provision will constitute a material breach of this Agreement, except that no severable breach of this provision shall affect the full enforceability of the waivers and releases stated in Section 3.  Damages for breach of this obligation would be difficult to ascertain.  Accordingly, in the event of any violation of this Section 10 of the Agreement, IceArizona shall be entitled to repayment of 10% of the settlement payment stated in Section 2 [Redact] as liquidated damages (not as a penalty).  This shall apply to each breach of this Section 10, up to a maximum of [Redact] total.

11. **Full Consideration.**  Whitener agrees that payment by IceArizona of consideration as stated in Section 2, as well as compliance with the above described terms, constitutes full and sufficient legal consideration for the promises and covenants set forth in this Agreement.

12. **No Re-Employment.**  Unless asked to do so by someone with the appropriate authority in the company, Whitener agrees not to apply for employment with IceArizona or any of the other Released Parties at any time in the future, and IceArizona and the other Released Parties will not process and will not be obligated to process any application submitted by or on behalf of Whitener.

14. **No Admission of Wrongdoing.**  The parties each agree that nothing in this Agreement (nor in the offer of this Agreement) shall be construed as an admission by either of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

15. **Bar.**  Whitener specifically agrees that this Agreement may be pleaded by IceArizona or any of the other Released Parties as an absolute bar to any released claim.

16. **Complete Agreement**.  This Agreement sets forth all of the terms and conditions of the agreement between the parties and shall be considered and understood to be a contractual commitment and not a mere recital.  This Agreement shall be binding upon IceArizona and its successors and assigns, and upon Whitener, and his respective agents, community interests, heirs, executors, representatives, and assigns.

17. **Fees and Costs.**  Each party shall bear and pay his or its own costs and attorneys' fees with regard to the Lawsuit, this Agreement and any matters covered herein.

18. **Waiver and Amendment.**  A waiver of any right under this Agreement must be in writing to be effective.  This Agreement may be amended only by a writing signed by the parties.  Any oral representation or modification concerning this Agreement shall be of no force or effect.

19.     **Severability.**  If any portion of this Agreement is held invalid by operation of law, the remaining terms of this Agreement shall not be affected, provided, however, that if any part of the release in Section 3 of this Agreement is held invalid, IceArizona shall have the right to seek rescission of this Agreement and will be entitled to recovery of the consideration described in Section 2.

20.     **Choice of Law.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties.  This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona as applies to transactions occurring entirely within Arizona among Arizona residents, except to the extent that federal laws apply.

21.     **Representations and Warranties regarding Medicare.**  Whitener warrants that he is not, and has never been, a beneficiary of Medicare as of the effective date of this Agreement.  Whitener further acknowledges and agrees that he has not incurred medical expenses for any physical or emotional injuries that were allegedly caused by IceArizona.  Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment made by IceArizona under this Agreement, Whitener agrees to indemnify, defend, and hold IceArizona harmless from any action by the CMS relating to medical expenses of Whitener.  Whitener also agrees to reasonably cooperate with IceArizona upon request with respect to any claim the CMS may make and for which Whitener is required to indemnify IceArizona under this Section.  Further, Whitener agrees to waive any and all future actions against IceArizona for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

22.     **Successors and Assigns**.  This agreement shall inure to the benefit of and be enforceable by the parties' respective heirs, successors and assigns.

23.     **Counterparts**.  This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original.  A facsimile or digitally reproduced signature may be deemed an original.

[PURPOSELY LEFT BLANK]

25. **Acknowledgement.** Whitener acknowledges that in executing this Agreement, he does not rely on any inducements, promises, or representations made by IceArizona other than those expressly stated herein. Further, Whitener declares that he has read this Agreement and fully understand its terms and contents, including his rights and obligations hereunder, and freely, voluntarily, and without coercion enter into this Agreement. Whitener agrees and acknowledges that the waiver and release of all rights or claims he may have under any local, state, or federal law is knowing and voluntary.

ICEARIZONA HOCKEY CO., LLC

By _____ Ahron Cohen
Its  COO, GC & alternative Governor

Dated: 9/7/2017

JAMES WHITENER

_____

Dated: 9/6/2017 @ 8:00 P.M.

4850-9380-1805, v. 2

7